**Gerald D. ABNER, Plaintiff–Appellant,**

v.

**FORD MOTOR COMPANY,
Defendant–Appellee.**

No. 03–1509.

United States Court of Appeals,
Sixth Circuit.

Dec. 9, 2003.

Gerald D. Abner, pro se, Detroit, MI, for Plaintiff–Appellant.

Before MERRITT, DAUGHTREY, and GIBBONS, Circuit Judges.

*ORDER*

Gerald D. Abner appeals a district court judgment that dismissed his civil action he filed against his former employer. This

case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Abner filed his complaint in the district court alleging that he suffers from illness and nervous conditions that he apparently attributes to his employment with Ford Motor Company. Abner sought $10,000,000 damages. The district court dismissed the complaint sua sponte as frivolous and enjoined Abner from filing any further complaints without leave of court. Abner filed a timely notice of appeal. In his brief on appeal, Abner reiterates his contention that he was injured at Ford Motor Company facilities.

Upon de novo review, *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), we affirm the judgment essentially for the reasons stated by the district court in its order of dismissal filed March 11, 2003. Although the district court cited 28 U.S.C. § 1915(d) in dismissing plaintiff's complaint sua sponte as frivolous, that provision was renumbered 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 n. 4 (6th Cir.2000). Generally, this court reviews de novo a district court judgment dismissing a complaint as frivolous pursuant to 28 U.S.C. § 1915(e). A complaint is frivolous where plaintiff failed to present a claim with an arguable or rational basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *See Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir.2001); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986).

Here, the district court properly dismissed plaintiff's complaint as frivolous. As noted by the district court, plaintiff's complaint is virtually unintelligible. Moreover, the complaint is similar to another complaint filed by plaintiff which also was dismissed by the district court as frivolous. Under these circumstances, the district court properly dismissed plaintiff's complaint.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.